HEANEY, Circuit Judge,
concurring in part and dissenting in part.
I concur in Part II of the majority’s opinion. It is clear to me that Agent Stennis did not act in good faith when he disclosed the search warrant information to his informant, and that the district court’s damages award included unlawful prejudgment interest. I must, however, part company with my colleagues on their analysis of punitive damages and attorneys’ fees.
I. Punitive Damages
Punitive damages may be awarded based on a -wrongful disclosure of tax return information if the disclosure is willful or grossly negligent. See I.R.C. § 7431(c)(1)(B) (1999). I am convinced that the district court erred in concluding that Agent Stennis’s disclosure was not at least grossly negligent.
First, the search warrant, the subject of Agent Stennis’s disclosure, was signed on January 31,1990 at 11:00 a.m. See Jones v. United States, 898 F.Supp. 1360, 1367 (D.Neb.1995). The warrant was under seal and gag orders were in place, preventing all agents from revealing any information about the warrant prior to its scheduled execution the following morning. However, in disregard of the gag order, Agent Stennis disclosed protected information to his informant, Ricardo Lucchino, shortly after the warrant was signed. See id.
Second, Agent Stennis knew that the disclosure likely was unauthorized. He testified that “[yjou’re not allowed to tell anyone anything, anything more than you need to disclose to get the information you wish to receive.” (Tr. at 246^47.) Stennis also testified that he knew I.R.C. § 6103 provided that tax return information cannot be disclosed unless a provision permits such disclosure and that he knew of no provision relating to confidential informants.
Third, Agent Stennis never consulted any authority for guidance on whether he was permitted to tell Lucchino of the warrant, choosing instead to rely on his experience. Stennis testified that he did not review the applicable statute, read the IRS regulations, consult the IRS manual, or discuss with his supervisor, Agent Stephen Tinsley, his intent to disclose the information to the informants. By failing to consult any authority, Agent Stennis completely disregarded the likelihood his disclosure was prohibited.
Fourth, Agent Stennis knew that Luc-chino had a financial incentive to harm Jones Oil. Lucchino is a former Jones Oil employee, who left the company on unfriendly terms after being accused of misappropriating proprietary information to a competitor. See Jones v. United States, 9 F.Supp.2d 1119, 1139 (D.Neb.1998). At the time of the investigation, Lucchino worked for a Jones Oil competitor. See id. Stennis testified that “you trust [any] informant only up to a certain point, and I would have a problem with telling an informant we are going to do this at this time, knowing what his or her reaction would *514 be.” (Tr. at 246.) Agent Stennis knew that providing search warrant information to any informant is generally unwise, and he knew of Lucchino’s hostile relationship with Jones Oil. Although Stennis may not have known that Lucchino would contact the news media, he knew or should have known that disclosing such information to Lucchino could be problematic.
Fifth, Agent Stennis testified that he disclosed the search warrant information to protect the informants and ensure that they could provide information on future investigations. However, Stennis knew that the informants would not be at Jones Oil when the warrant was executed. Furthermore, he never discussed with Agent Tinsley his concern for the informants’ safety, something that “surprise[d]” and “upset” Tinsley. (Tr. at 218.) Even if safety was a legitimate concern, other alternatives to disclosure, such as placing the informants in a safe house, were available to protect the informants’ safety.
By failing in all respects to ensure that he was authorized to disclose the search warrant information, Agent Stennis demonstrated a reckless disregard for the Joneses’ rights and, therefore, was grossly negligent. Accordingly, the Joneses are entitled to punitive damages.
II. Attorneys’ Fees
I .also part with the majority on its analysis of attorneys’ fees. Under I.R.C. § 7430(a), “reasonable litigation costs,” including attorneys’ fees, may be awarded if incurred in an administrative or court proceeding brought against the United States “in connection with the determination, collection, or refund of any tax, interest, or penalty.” Although the majority does not address the applicability of this section, a careful review of the facts reveals that § 7430 indeed applies. Agent Stennis’s disclosure was made in' the course of the government’s effort to ascertain and collect unpaid taxes from Jones Oil and the Joneses. The search warrant was executed during the government’s criminal investigation into Jones Oil’s corporate income tax liability, particularly motor fuel excise taxes, and into Terry and Patricia Jones’s tax liability. The investigation focused on determining whether Jones Oil was evading corporate taxes and on whether the Joneses were evading income taxes. Because the disclosure occurred during a tax evasion investigation, the Joneses’ action against the government was brought in connection with determining and collecting taxes from Jones Oil and the Joneses.
Under § 7430, attorneys’ fees can be awarded only if the government’s position was not substantially justified. See I.R.C. § 7430(c)(4)(B)(i). It certainly was not in this case.
The government argued at trial that even if Agent Stennis disclosed the information in violation of § 6103, he did so in good faith, intending to protect his informants’ safety. However, the facts of this case, as highlighted by the majority and in the punitive damages section of this dissent, demonstrate the egregiousness of Agent Stennis’s actions and clearly show that he did not act in good faith. In addition, § 6103(k)(6) only allows disclosures in circumstances permitted by regulation, and the applicable regulations do not authorize disclosure to protect the safety of a confidential informant, see 26 C.F.R. § ,301.6103(k)(6)-l.
In addition, during the damages trial, the government offered little evidence to contest the damages alleged by the Joneses. It offered no expert testimony on the issue, nor did it question the Joneses’ expert on his method for calculating damages. In fact, the government’s expert, who did not testify at trial, agreed with the Joneses’ method for valuing the loss of Jones Oil. Furthermore, the government did not contest the damages calculation on prejudgment interest grounds until after trial, first raising the issue in a post-trial reply brief.
Agent Stennis clearly did not act in good faith. Moreover, the government offered *515 little evidence during the damages trial and did not contest the Joneses’ damages analysis. For these reasons, the government was not substantially justified in its position, and attorneys’ fees should have been awarded.
Thus, I concur in part and respectfully dissent in part.